# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 22-739V

| | | |
|---|---|---|
| BEATRICE CAIN,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | | Chief Special Master Corcoran<br><br>June 18, 2026 |

*Michael A. Baseluos*, Baseluos Law Firm, PLLC, San Antonio, TX, for Petitioner.

*Mark K. Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

## DAMAGES DECISION[1]

On July 5, 2022, Beatrice Cain filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered on September 1, 2021. Petition at 1. Entitlement was conceded in November 2023, and a ruling issued in Petitioner's favor while the matter was still pending in the "Special Processing Unit" (the "SPU"). Ruling on Entitlement, issued Nov. 14, 2023 (ECF No. 49).

The parties were unable to independently resolve damages, and further development of the record proved necessary. Accordingly, the case was transferred out of SPU for resolution by

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

another special master. Order Reassigning Case, issued Mar. 5, 2024 (ECF No. 63). Both sides engaged in significant damages-associated discovery (including the retention of life care planning experts). Following briefing and a two-day evidentiary hearing held in November 2025, the assigned special master issued a ruling resolving pain and suffering and numerous disputed life care plan items, while leaving certain remaining damages issues for the parties to address. Damages Ruling, issued Mar. 2, 2026 (ECF No. 153) ("1st Damages Ruling").

On the occasion of the special master's retirement, this case was reassigned to me. Order Reassigning Case, issued Mar. 5, 2026 (ECF No. 154). The parties subsequently filed a joint status report setting forth their respective positions on the unresolved damages categories and life care plan expenses. *See generally* Joint Status Report, filed Apr. 1, 2026 (ECF No. 157).[3] I then issued a ruling resolving the outstanding damages issues and directing the parties either to file a stipulation setting forth the proposed mechanism for payment of the awarded damages or to submit proposed language for incorporation into a final decision. Damages Ruling, issued Apr. 22, 2026 (ECF No. 164) ("2nd Damages Ruling").

The parties elected the latter course and requested additional time to prepare and review mutually acceptable language for inclusion in the final decision. Joint Status Report, filed May 21, 2026 (ECF No. 165). A revised deadline was established by Scheduling Order, issued May 27, 2026. Thereafter, Respondent filed a joint status report setting forth the damages to be awarded in resolution of this matter. Joint Status Report, filed June 18, 2026 (ECF No. 169) ("JSR") (attached hereto as Appendix 1); *see also* Appendix A, filed June 18, 2026 (ECF No. 169-1) (attached hereto as Appendix 2) (chart summarizing life care plan items).

The JSR and Appendix 2 organize compensation into three general categories: pain and suffering; past unreimbursed expenses; and future life care expenses. Although the parties did not reach an agreement on every component of damages during proceedings, the parties have represented that the disputed items were adequately addressed by the 1st Damages Decision and the 2nd Damages Ruling (and Respondent otherwise reserved the right to appeal those determinations). JSR at Preamble. Thus, although this framework does not constitute an agreed-upon stipulation or proffer, it memorializes the parties' shared understanding regarding the amounts to be included in a final damages decision.

Having reviewed the complete record, I give considerable weight to the damages framework (JSR & Appendix 2) as reflecting sums properly awarded in this matter.[4] Petitioner shall therefore be awarded the following damages components:

---

[3] Petitioner also filed additional materials and a supplemental brief after the damages hearing and following the issuance of the 1st Damages Ruling, although none had been authorized. (ECF Nos. 156, 161, 162).

[4] I do note, however, the unusual magnitude of damages awarded in this case, as well as the extensive number of modalities and treatment considerations the award reflects. I can envision few SIRVAs where this degree of damages

A. Pain and Suffering

Petitioner shall receive the statutory maximum of $250,000.00 in compensation for actual pain and suffering, consistent with the prior special master's determinations. JSR at Section I.A.

B. Unreimbursed Expenses

Petitioner seeks reimbursement for a variety of medical and treatment expenses incurred since SIRVA onset. In evaluating these claims, I have considered the record as a whole, giving substantial weight to agreements reached by the parties and to the former special master's expressed views regarding particular expenses. Petitioner is entitled to reimbursement of past out-of-pocket expenses in the amount of $31,116.68. JSR at Section I.B.

C. Life Care Plan

Appendix 2 serves as the operative life care plan and payment schedule in this matter. It identifies future expenses (including projected medical care, adaptive equipment and supplies, and home services) determined to be reasonably necessary as a result of Petitioner's compensable injury and specifies the timing and structure of compensation for those expenses. Accordingly, the damages award shall include an amount sufficient to purchase an annuity contract that will fund the future life care expenses set forth therein. JSR at Sections I.C, II.

Having reviewed the life care planning materials in particular and the record as a whole, I find that the future care items reflected in Appendix 2 are reasonable, sufficiently supported by the evidence, and consistent with the compensation available under the Vaccine Act. The parties have proposed a breakdown of the future care sums, divided between a first-year lump sum and estimated future sums, to be paid via an annuity. JSR at Sections II, III.

## CONCLUSION

Based upon the underlying record and the parties' submissions, plus the determinations previously made in this matter, I award Petitioner:

1. A lump sum payment of **$314,762.77**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($33,649.09),

would be appropriate, and my determinations herein do not constitute an endorsement that they should be awarded generally.

pain and suffering ($250,000.00), and past unreimbursable expenses ($31,113.68), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and

2. An amount sufficient to purchase an annuity contract, subject to the conditions described in Section II.B of the JSR (Appendix 1), that will provide payments for the life care items contained in the life care plan (as illustrated by the chart at Appendix 2) paid to the life insurance company from which the annuity will be purchased.

These amounts represent compensation for all damages that would be available under Section 15(a) of the Vaccine Act.

The Clerk of Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expediated by the parties' joint filing of notice renouncing the right to seek review.

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BEATRICE CAIN,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Case No. 22-739V (ECF)<br>CHIEF SPECIAL MASTER CORCORAN |

## JOINT STATUS REPORT

Pursuant to the Chief Special Master's Order of May 27, 2026, the parties file the following Joint Status Report regarding damages. ECF No. 165. Recognizing that respondent preserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Damages Decisions (ECF Nos. 153, 164) rendered by the Court after the Damages Hearing held on November 3-4, 2025, respondent submits the following Joint Status Report providing the Chief Special Master with a statement of all damages. Petitioner's counsel has reviewed this Joint Status Report and does not object to the representations made herein.

**I. Items of Compensation**

A. Pain and Suffering

Based on the Court's Damages Decisions (ECF Nos. 153, 164), petitioner should be awarded $250,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).

B. Past Unreimbursable Expenses

Based on the Court's Damages Decisions (ECF Nos. 153, 164), petitioner should be awarded $31,116.68 in unreimbursed, out-of-pocket expenses. *See* 42 U.S.C. § 300aa-15(a)(1)(B).

C. Life Care Items

Based on the Court's Damages Decision (ECF No. 164), petitioner should be awarded all of the life care items identified in the Court's Damages Decision (ECF No. 164). *See* 42 U.S.C. § 300aa-15(a)(1)(A). All of the life care items identified in the Court's Damages Decision (ECF No. 164) are illustrated by the chart entitled: Summary of Life Care Items, attached hereto as Appendix A.[1] Based on the Court's Damages Decision (ECF No. 164), petitioner should be awarded all items of compensation set forth in Appendix A.

## II. Form of the Award

The parties request that the compensation provided to petitioner be made through a combination of a lump sum payment and future annuity payments as described below,

[1] The chart at Appendix A illustrates the annual amounts for all life care items. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

and the parties request that the Chief Special Master's Decision on Damages and the Court's judgment award the following:[2]

A. A lump sum payment of **$314,762.77**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($33,649.09), pain and suffering ($250,000.00), and past unreimbursable expenses ($31,113.68), to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Beatrice Cain; and

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

insurance company,[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Beatrice Cain, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1. Growth Rate

The parties agree that a four percent (4%) growth rate should be applied to all life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow at four percent (4%) compounded annually from the date of judgment for all items.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Beatrice Cain, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Beatrice Cain's death.

3. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

## III. Summary of Payments Following Judgment

A. Lump sum paid to petitioner, Beatrice Cain: **$314,762.77**

B. An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/ *Mark K. Hellie*
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

DATED: June 18, 2026

## CERTIFICATE OF SERVICE

I certify that today, June 18, 2026, a copy of the foregoing pleading along with Appendix A was served by electronic mail to petitioner's counsel, Michael Baseluos, at mike@baseluoslawfirm.com.

s/ *Mark K. Hellie*
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

DATED: June 18, 2026

**Pet. Beatrice Cain**
**D.O.B. 10/22/1985**

**DATE:**
**TIME:**

**SUMMARY OF LIFE CARE ITEMS - Supplemental Ruling on Damages dated 4/22/2026**

| ITEM OF CARE / GROWTH RATE | | Medical Care 4.0% | Equipment 4.0% | Supplies 4.0% | Home Services 4.0% | Home Modifications 4.0% | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|---|
| AGE | YEAR | | | | | | | |
| 41 | 2026 | 4,916.70 | 2,562.97 | 19.98 | 3,900.00 | 22,249.44 | 33,649 | 33,649.09 |
| 42 | 2027 | 4,916.70 | 0.00 | 19.98 | 3,900.00 | 0.00 | 8,837 | 9,190 |
| 43 | 2028 | 4,916.70 | 0.00 | 19.98 | 3,900.00 | 0.00 | 8,837 | 9,558 |
| 44 | 2029 | 4,916.70 | 0.00 | 19.98 | 3,900.00 | 0.00 | 8,837 | 9,940 |
| 45 | 2030 | 4,916.70 | 55.99 | 19.98 | 3,900.00 | 0.00 | 8,893 | 10,403 |
| 46 | 2031 | 4,916.70 | 0.00 | 19.98 | 3,900.00 | 0.00 | 8,837 | 10,751 |
| 47 | 2032 | 4,916.70 | 0.00 | 19.98 | 3,900.00 | 0.00 | 8,837 | 11,181 |
| 48 | 2033 | 4,916.70 | 0.00 | 19.98 | 3,900.00 | 0.00 | 8,837 | 11,628 |
| 49 | 2034 | 4,916.70 | 0.00 | 19.98 | 3,900.00 | 0.00 | 8,837 | 12,094 |
| 50 | 2035 | 4,916.70 | 2,453.49 | 19.98 | 3,900.00 | 0.00 | 11,290 | 16,069 |
| 51 | 2036 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 5,773 |
| 52 | 2037 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 6,004 |
| 53 | 2038 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 6,244 |
| 54 | 2039 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 6,494 |
| 55 | 2040 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 6,754 |
| 56 | 2041 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 7,024 |
| 57 | 2042 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 7,305 |
| 58 | 2043 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 7,597 |
| 59 | 2044 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 7,901 |
| 60 | 2045 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 8,217 |
| 61 | 2046 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 8,545 |
| 62 | 2047 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 8,887 |
| 63 | 2048 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 9,243 |
| 64 | 2049 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 9,612 |
| 65 | 2050 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 9,997 |
| 66 | 2051 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 10,397 |
| 67 | 2052 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 10,813 |
| 68 | 2053 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 11,245 |
| 69 | 2054 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 11,695 |
| 70 | 2055 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 12,163 |
| 71 | 2056 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 12,649 |
| 72 | 2057 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 13,155 |
| 73 | 2058 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 13,681 |
| 74 | 2059 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 14,229 |

**Appendix A**

**Pet. Beatrice Cain**
**D.O.B. 10/22/1985**

**DATE:**
**TIME:**

**SUMMARY OF LIFE CARE ITEMS - Supplemental Ruling on Damages dated 4/22/2026**

| ITEM OF CARE | | Medical Care | Equipment | Supplies | Home Services | Home Modifications | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | | |
| AGE | YEAR | | | | | | | |
| 75 | 2060 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 14,798 |
| 76 | 2061 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 15,390 |
| 77 | 2062 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 16,005 |
| 78 | 2063 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 16,646 |
| 79 | 2064 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 17,311 |
| 80 | 2065 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 18,004 |
| 81 | 2066 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 18,724 |
| 82 | 2067 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 19,473 |
| 83 | 2068 | 0.00 | 0.00 | 0.00 | 3,900.00 | 0.00 | 3,900 | 20,252 |
| | | 49,167 | 5,072 | 200 | 167,700 | 22,249 | 244,389 | 516,689 |
| | | 20.12% | 2.08% | 0.08% | 68.62% | 9.10% | | 100.00% |

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*

Appendix A

TAB B

# A N N U I T Y   F U N D I N G   P O R T F O L I O

**SUPPLEMENT RULING ON DAMAGES dated 4/22/2026**

**4.0% GROWTH RATE**

DATE: 05/01/26
TIME: 12:06 PM

Cl. Ct. No. 22-739V
Pet. Beatrice Cain
D.O.B. 10/22/1985

| | Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 | Column 8 |
|---|---|---|---|---|---|---|---|---|
| **Settlement Item** | **TOTAL** | **ANNUAL** | **CASH &** | **ANNUITY** | **ANNUITY** | **ANNUITY** | **ANNUAL** | **UMULATIVE** |
| **Starting Amount** | **MEDICAL** | **STRUCTURED** | **ANNUITY** | **9,191** | **10,751** | **5,773** | **SAFETY** | **SAFETY** |
| **Inflation Factor** | **CARE NEEDS** | **SETTLEMENT** | **LUMP** | **4.00%** | **4.00%** | **4.00%** | **MARGIN** | **MARGIN** |
| **Beginning Year** | **2026** | **BENEFITS** | **SUMS** | **2027** | **2031** | **2036** | **2026** | **2026** |
| **Ending Year** | **2068** | | | **2029** | **2034** | **LIFE** | **2068** | **2068** |

| AGE | YEAR | TOTAL NEEDS | S/S TOTAL | Cash & Lump Sums | Deferred Annuity | Deferred Annuity | Deferred Annuity | Safety Margin | Cum.Safety Margin |
|---|---|---|---|---|---|---|---|---|---|
| 41 | 2026 | 33,649 | 33,649 | 33,649.09 | | | | 0.00 | 0 |
| 42 | 2027 | 9,190 | 9,191 | | 9,191 | | | 1 | 1 |
| 43 | 2028 | 9,558 | 9,559 | | 9,559 | | | 1 | 2 |
| 44 | 2029 | 9,940 | 9,941 | | 9,941 | | | 1 | 3 |
| 45 | 2030 | 10,403 | 10,402 | 10,402 | | | | -1 | 1 |
| 46 | 2031 | 10,751 | 10,751 | | | 10,751 | | 0 | 1 |
| 47 | 2032 | 11,181 | 11,181 | | | 11,181 | | 0 | 1 |
| 48 | 2033 | 11,628 | 11,628 | | | 11,628 | | 0 | 1 |
| 49 | 2034 | 12,094 | 12,093 | | | 12,093 | | 0 | 1 |
| 50 | 2035 | 16,069 | 16,069 | 16,069 | | | | 0 | 0 |
| 51 | 2036 | 5,773 | 5,773 | | | | 5,773 | 0 | 0 |
| 52 | 2037 | 6,004 | 6,004 | | | | 6,004 | 0 | 0 |
| 53 | 2038 | 6,244 | 6,244 | | | | 6,244 | 0 | 0 |
| 54 | 2039 | 6,494 | 6,494 | | | | 6,494 | 0 | 1 |
| 55 | 2040 | 6,754 | 6,754 | | | | 6,754 | 0 | 1 |
| 56 | 2041 | 7,024 | 7,024 | | | | 7,024 | 0 | 1 |
| 57 | 2042 | 7,305 | 7,305 | | | | 7,305 | 0 | 1 |
| 58 | 2043 | 7,597 | 7,597 | | | | 7,597 | 0 | 1 |
| 59 | 2044 | 7,901 | 7,901 | | | | 7,901 | 0 | 1 |
| 60 | 2045 | 8,217 | 8,217 | | | | 8,217 | 0 | 1 |
| 61 | 2046 | 8,545 | 8,545 | | | | 8,545 | 0 | 1 |
| 62 | 2047 | 8,887 | 8,887 | | | | 8,887 | 0 | 1 |
| 63 | 2048 | 9,243 | 9,243 | | | | 9,243 | 0 | 1 |
| 64 | 2049 | 9,612 | 9,612 | | | | 9,612 | 0 | 1 |
| 65 | 2050 | 9,997 | 9,997 | | | | 9,997 | 0 | 1 |
| 66 | 2051 | 10,397 | 10,397 | | | | 10,397 | 0 | 1 |
| 67 | 2052 | 10,813 | 10,813 | | | | 10,813 | 0 | 1 |
| 68 | 2053 | 11,245 | 11,245 | | | | 11,245 | 0 | 2 |
| 69 | 2054 | 11,695 | 11,695 | | | | 11,695 | 0 | 2 |
| 70 | 2055 | 12,163 | 12,163 | | | | 12,163 | 0 | 2 |
| 71 | 2056 | 12,649 | 12,649 | | | | 12,649 | 0 | 2 |
| 72 | 2057 | 13,155 | 13,155 | | | | 13,155 | 0 | 2 |
| 73 | 2058 | 13,681 | 13,682 | | | | 13,682 | 0 | 2 |
| 74 | 2059 | 14,229 | 14,229 | | | | 14,229 | 0 | 2 |
| 75 | 2060 | 14,798 | 14,798 | | | | 14,798 | 0 | 2 |
| 76 | 2061 | 15,390 | 15,390 | | | | 15,390 | 0 | 2 |
| 77 | 2062 | 16,005 | 16,005 | | | | 16,005 | 0 | 3 |
| 78 | 2063 | 16,646 | 16,646 | | | | 16,646 | 0 | 3 |
| 79 | 2064 | 17,311 | 17,312 | | | | 17,312 | 0 | 3 |
| 80 | 2065 | 18,004 | 18,004 | | | | 18,004 | 0 | 3 |
| 81 | 2066 | 18,724 | 18,724 | | | | 18,724 | 0 | 3 |
| 82 | 2067 | 19,473 | 19,473 | | | | 19,473 | 0 | 3 |
| 83 | 2068 | 20,252 | 20,252 | | | | 20,252 | 0 | 3 |
| ITEMIZED TOTALS | | 516,689 | 516,692 | 60,120 | 28,691 | 45,654 | 382,228 | 3 | 3 |
| | | 0.00% | | 60,120 | 28,691 | 45,654 | 95,987 | 230,451 | Guar.Yield |
| | | SAFETY MARGIN | | 60,120 | 28,691 | 45,654 | 382,228 | 516,692 | Exp. Yield |

***This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990***

**Appendix A**